UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIVALIS ENERGY
SYSTEMS, LLC, *et al.*,

    Plaintiffs,

v.

Case No. 25-cv-10058
Hon. Matthew F. Leitman

LG ENERGY SOLUTION, LTD.,

    Defendant.

_____/

### ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF No. 12) AND (2) STAYING PROCEEDINGS

On November 17, 2025, the Court held a hearing on Defendant LG Energy Solution, Ltd.'s motion to compel arbitration with respect to the claims brought in this case by Plaintiff Nivalis Energy Systems, LLC. (*See* Mot., ECF No. 12.) For the reasons explained on the record, the motion is **GRANTED IN PART AND DENIED IN PART** as follows:

The question of whether the parties' mutual non-disclosure agreement (the "NDA," *see* ECF No. 12-7) requires Nivalis to arbitrate its claims against LG in this action must be decided in the first instance by an arbitrator in arbitration proceedings conducted in conformity with Section 13 of the NDA. Accordingly, it is appropriate to stay these proceedings as to Nivalis' claims against LG until the arbitrator makes

1

that determination. For reasons of judicial efficiency, it also makes sense to stay the claims of Plaintiff Townsend Capital, LLC until the arbitrator determines whether Nivalis must arbitrate its claims. Accordingly, LG's motion is **GRANTED IN PART** and this action is **STAYED** until further order of the Court as to all claims by both Plaintiffs until the arbitrator determines whether the NDA requires Nivalis to arbitrate its claims. Once the arbitrator makes that determination, the parties shall so inform the Court, and the Court will schedule an on-the-record status conference to discuss next steps. If the arbitrator determines that the NDA does require Nivalis to arbitrate its claims, then during the status conference, the Court will extend the stay at least as to the claims brought by Nivalis so that those claims may be arbitrated.

LG's motion is **DENIED IN PART** to the extent that LG contends that any agreement or contract between the parties other than the NDA requires Nivalis to arbitrate its claims.

Nothing in this Order shall be read to indicate that Townsend Capital is obligated to arbitrate any of its claims against LG or that the arbitrability of those claims must be decided by an arbitrator.

**IT IS SO ORDERED**.

Dated: November 17, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

2

3

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2025, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126